

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Case No. CR405-292 |
| ) | |
| SUSANNE ZIEGLER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a motion to dismiss all counts of the indictment charging her with furnishing false information on prescription forms in violation of 21 U.S.C. § 843(a)(4)(A). Doc. 13. Defendant has also filed a separate motion to dismiss the remaining counts of the indictment, which charge her with acquiring various controlled substances through misrepresentation, fraud, forgery, deception, and subterfuge in violation of 21 U.S.C. § 843(a)(3). Doc. 14. The government opposes both motions. Docs. 15, 16. Defendant's motions to dismiss are without merit and should be DENIED.

activity was the *method* which defendant, a licensed pharmacist, utilized to unlawfully "obtain and acquire" such substances. The indictment sufficiently charges a violation of § 843(a)(3), and defendant has not shown grounds for its dismissal.

### C. CONCLUSION

For the reasons stated above, both of defendant's motions to dismiss, docs. 13, 14, should be DENIED.

**SO REPORTED AND RECOMMENDED** this 10TH day of January, 2006.

_/s/ B.A. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

### A.   § 843(a)(4)(A) Counts

Defendant, a licensed pharmacist, is charged with numerous violations of 21 U.S.C. § 843(a)(4)(A), which makes it a crime "knowingly or intentionally to furnish false or fraudulent material information in . . . any . . . record, or other document, required to be made, kept, or filed under this subchapter or subchapter II of this chapter."  The indictment specifically alleges that defendant violated this statute in two ways: (1) "by creating . . . fictitious prescriptions," doc. 1 (counts 1, 3, 6, 10, 12, 19, 24. 28, and 30), and (2) "by altering the number of tablets authorized by" a physician on particular prescriptions. Id. (counts 14 and 16). Defendant argues that these counts of the indictment are defective because they fail "to sufficiently allege that Defendant *furnished* the false information to anyone." Doc. 13 at 1.[1]

This argument skirts close to the edge of frivolity.  Tracking the language of the statute, the indictment alleges that defendant "knowingly

---

[1] Defendant mistakenly references count 11 in her motion to dismiss the § 843(a)(4)(A) counts.  That count, however, charges a violation of § 843(a)(3) and, therefore, will be considered in connection with defendant's other motion to dismiss. Doc. 14 (challenging the sufficiency of the § 843(a)(3) counts).

and intentionally furnished false and material information" on a record (here, a prescription) "required to be made" under the relevant statute. The indictment then specifically describes the methods by which defendant "furnished" the false information, i.e., by either "creating" fictitious prescriptions or "altering" legitimate prescriptions written by licensed physicians. Prescriptions are among the records required to be made and kept under the federal statutes regulating the dispensing of prescription drugs. 21 U.S.C. § 829.

While the indictment does not specify *to whom* defendant furnished the prescriptions, the law does not require such specificity in an indictment. An indictment is sufficient if it tracks the language of a statute setting forth the essential elements of the crime charged. United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992); United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983). Here, the indictment tracks the language of the statute and sets forth the essential elements of the crime. That the indictment goes further than the statutory language by specifying the means or method by which defendant furnished false information "required to be made, kept, or filed" under § 843(a)(4)(A) does not undermine the sufficiency of the

3

indictment in any way. Rather, by listing the specific means by which defendant furnished false information on the date alleged, the indictment informs defendant of the charge against which she must defend and "enables [her] adequately to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Cole, 755 F.2d 748, 749 (11th Cir. 1985). Thus, the indictment not only tracks the language of the statute but specifically describes the means by which the statute was violated. Defendant's motion to dismiss these counts of the indictment on grounds of insufficiency are utterly without merit and must be DENIED.

### B. § 843(a)(3) Counts

The indictment also charges defendant with violating 21 U.S.C. § 843(a)(3), which makes it a crime "to acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge." The indictment charges that defendant violated this statute on numerous occasions by dispensing controlled substances which were not prescribed and authorized by a physician as purported on a particular prescription. Doc. 1 (counts 2, 4, 5, 7-9, 11, 13, 15, 17, 18, 20-23, 25-27, 29,

and 31). Defendant argues that the allegation that she "dispensed" a controlled substance is not sufficient to charge that she "acquired" the drug unlawfully, which is a necessary element of a § 843(a)(3) violation.

The Court agrees that to secure a conviction under this statute the government must prove that defendant "acquire[d] or obtain[ed] possession" of a controlled substance through some act of misrepresentation or deception. But that is exactly what the indictment alleges, and at this stage of the proceedings, the Court is not at liberty to second guess the probable cause findings of the federal grand jury. See United States v. Calandra, 414 U.S. 338, 344-45 (1974). Each of the challenged counts alleges that defendant "did knowingly, intentionally and unlawfully obtain and acquire a controlled substance" by means that certainly qualify as either "misrepresentation, . . . deception, or subterfuge." A licensed pharmacist who intentionally dispenses prescription drugs that are not prescribed and authorized by a physician's prescription is engaging in the very type of conduct prohibited by § 843(a)(3).

The indictment does not, as defendant suggests, merely allege unlawful "dispensing" of controlled substances but instead alleges that such